Stephanie Van Marter
Acting United States Attorney
Eastern District of Washington
Benjamin D. Seal
Assistant United States Attorney
402 E. Yakima Avenue, Ste. 210
Yakima, WA 98901-2760
Telephone: (509) 454-4425

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 1 0 2025

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:24-CR-2073-RLP-1 |
| Plaintiff, | Plea Agreement |
| v. | |
| ALLICIANNA LYNNZIE CLARK, | |
| Defendant. | |

Plaintiff United States of America, by and through Stephanie Van Marter, Acting United States Attorney the Eastern District of Washington, and Benjamin D. Seal, Assistant United States Attorney for the Eastern District of Washington, and Defendant ALLICIANNA LYNNZIE CLARK ("Defendant"), both individually and by and through Defendant's counsel, Nick Mirr, agree to the following Plea Agreement.

1.    Guilty Plea and Maximum Statutory Penalties

Defendant agrees to enter a plea of guilty to Count 1 of the Indictment filed on October 9, 2024, which charges Defendant with Possession with Intent to Distribute 50 Grams or more of Actual (Pure) Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), a Class A felony.

PLEA AGREEMENT - 1

Defendant understands that the following potential penalties apply:

    a.    a term of imprisonment of not less than 10 years and up to a lifetime;

    b.    a term of supervised release of not less than 5 years and up to a lifetime;

    c.    a fine of up to $10,000,000;

    d.    a $100 special penalty assessment; and

    e.    denial of certain federal benefits pursuant to 21 U.S.C.§§ 862 and 862a.

2.    <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

    a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

    b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

    c.    2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

1    3.    <u>The Court is Not a Party to this Plea Agreement</u>

2    The Court is not a party to this Plea Agreement and may accept or reject it.

3    Defendant acknowledges that no promises of any type have been made to

4    Defendant with respect to the sentence the Court will impose in this matter.

5    Defendant understands the following:

6    a.    sentencing is a matter solely within the discretion of the Court;

7    b.    the Court is under no obligation to accept any recommendations

8    made by the United States or Defendant;

9    c.    the Court will obtain an independent report and sentencing

10    recommendation from the United States Probation Office;

11    d.    the Court may exercise its discretion to impose any sentence it

12    deems appropriate, up to the statutory maximum penalties;

13    e.    the Court is required to consider the applicable range set forth

14    in the United States Sentencing Guidelines, but may depart

15    upward or downward under certain circumstances; and

16    f.    the Court may reject recommendations made by the United

17    States or Defendant, and that will not be a basis for Defendant

18    to withdraw from this Plea Agreement or Defendant's guilty

19    plea.

20    4.    <u>Potential Immigration Consequences of Guilty Plea</u>

21    If Defendant is not a citizen of the United States, Defendant understands the

22    following:

23    a.    pleading guilty in this case may have immigration

24    consequences;

25    b.    a broad range of federal crimes may result in Defendant's

26    removal from the United States, including the offense to which

27    Defendant is pleading guilty;

28

PLEA AGREEMENT - 3

c.   removal from the United States and other immigration consequences are the subject of separate proceedings; and

d.   no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5.   Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

a.   the right to a jury trial;

b.   the right to see, hear and question the witnesses;

c.   the right to remain silent at trial;

d.   the right to testify at trial; and

e.   the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.   Denial of Federal Benefits

Defendant understands that by entering this plea of guilty, Defendant may no longer be eligible for assistance under any state program funded under part A of

PLEA AGREEMENT - 4

1  Title IV of the Social Security Act (concerning Temporary Assistance for Needy
2  Families) or benefits under the food stamp program or any state program carried
3  out under the Food Stamp Act. 21 U.S.C. § 862a. Defendant also understands that
4  the Court may deny Defendant's eligibility for any grant, contract, loan,
5  professional license, or commercial license provided by an agency of the United
6  States or by appropriated funds of the United States. 21 U.S.C. § 862.

7      7.    Elements of the Offense

8      The United States and Defendant agree that in order to convict Defendant of
9  Possession with Intent to Distribute 50 Grams or more of Actual (Pure)
10  Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), the
11  United States would have to prove the following beyond a reasonable doubt.

12          a.    *First*, on or about August 5, 2024, in the Eastern District of
13                Washington, Defendant knowingly possessed
14                methamphetamine;

15          b.    *Second*, Defendant possessed it with the intent to distribute it to
16                another person; and

17          c.    *Third*, the amount of the methamphetamine was at least 50
18                grams of actual methamphetamine.

19      8.    Factual Basis and Statement of Facts

20      The United States and Defendant stipulate and agree to the following: the
21  facts set forth below are accurate; the United States could prove these facts beyond
22  a reasonable doubt at trial; and these facts constitute an adequate factual basis for
23  Defendant's guilty plea.

24      The United States and Defendant agree that this statement of facts does not
25  preclude either party from presenting and arguing, for sentencing purposes,
26  additional facts that are relevant to the Sentencing Guidelines computation or
27  sentencing.

28

PLEA AGREEMENT - 5

On August 5, 2024, two Yakima police officers were in a marked unit when they observed a vehicle with expired tags. The officers followed the vehicle as it drove into a Jack in the Box drive-through. The officers followed the vehicle and observed that the driver was a female and was the only person in the vehicle. They observed the driver reach over and gather things from the passenger side of the vehicle. The driver asked the drive-through employee for a large paper bag, loaded the bag with something, and then tried to hand the bag back to the employee. The employee replied she would not take the bag. After receiving her food order the driver pulled away. Immediately the officers activated the siren to initiate a traffic stop. The driver sped away into a neighborhood and the officers gave chase.

A few minutes later the officers found the vehicle abandoned in an alleyway. The Jack in the Box bag was on the ground outside the vehicle. The officers found Defendant a short distance away, identified her as the driver of the vehicle, and arrested her. Inside the Jack in the Box bag police found approximately 121 grams of actual meth and 26 grams of fentanyl. Also inside the bag was a Glock model 19, 9mm pistol.

Defendant knew that the substance in the bag was methamphetamine, and she knowingly possessed the methamphetamine with the intent to distribute it to another person.

9.    The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss the remaining counts of the Indictment.

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

PLEA AGREEMENT - 6

10. <u>United States Sentencing Guidelines Calculations</u>

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

a. <u>Base Offense Level</u>

The United States and the Defendant agree that the base offense level in this case is 30.

b. <u>Special Offense Characteristics</u>

The United States and the Defendant agree that Defendant's base offense level is increased by 2 levels because Defendant possessed a firearm.

c. <u>Acceptance of Responsibility</u>

The United States will recommend that Defendant receive a downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant does the following:

    i.      accepts this Plea Agreement;

    ii.     enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

    iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

    iv.    provides complete and accurate information during the sentencing process; and

    v.     does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive

PLEA AGREEMENT - 7

1 | for any controlled substance.

2 |         d.    Agreements Regarding Representations to the Court

3 |      The United States has a duty of candor to the tribunal. If the United States

4 | and Defendant do not agree on the appropriate length of incarceration, the

5 | appropriate length or applicable terms of supervised release, and/or the correct

6 | guidelines calculations, variances, departures, and/or enhancements, the United

7 | States reserves the right to respond to any and all arguments made by Defendant,

8 | on any bases the United States deems appropriate, at all stages of this criminal

9 | case.

10 |      Defendant may make any arguments it deems appropriate, at all stages of

11 | this criminal case.

12 |      With regard to all briefing, submissions, and hearings in this criminal case,

13 | the United States and Defendant agree to the following provisions:

14 |               i.    The United States and Defendant may each respond to

15 |                   any questions from the Court or United States Probation

16 |                   Office;

17 |              ii.    The United States and Defendant may each supplement

18 |                   the facts under consideration by the Court by providing

19 |                   information the United States or Defendant deems

20 |                   relevant;

21 |             iii.    The United States and Defendant may each present and

22 |                   argue any additional facts that the United States or

23 |                   Defendant believe are relevant to the Sentencing

24 |                   Guidelines computation or sentencing;

25 |             iv.    The United States and Defendant may each present and

26 |                   argue information that may already be known to the

27 |                   Court, including information contained in the

28 |                   Presentence Investigation Report;

PLEA AGREEMENT - 8

| 1 | | v. | The United States and Defendant may each respond to |
| 2 | | | any arguments presented by the other; |
| 3 | | vi. | In order to support the United States' sentencing |
| 4 | | | recommendation as set forth herein, the United States |
| 5 | | | may oppose and argue against any defense argument or |
| 6 | | | any recommendation for any sentence lower than the |
| 7 | | | sentence recommended by the United States on any basis, |
| 8 | | | including arguments for a lower offense level, a lower |
| 9 | | | criminal history calculation, the application or non- |
| 10 | | | application of any sentencing enhancement or departure, |
| 11 | | | and/or any variance from the Guidelines range as |
| 12 | | | calculated by the Court; |
| 13 | | vii. | In order to support the defense sentencing |
| 14 | | | recommendation as set forth herein, Defendant may |
| 15 | | | oppose and argue against any argument by the United |
| 16 | | | States, or any recommendation for any sentence higher |
| 17 | | | than the sentence recommended by the defense on any |
| 18 | | | basis, including arguments for a higher offense level, a |
| 19 | | | higher criminal history calculation, the application or |
| 20 | | | non-application of any sentencing enhancement or |
| 21 | | | departure, and/or any variance from the Guidelines range |
| 22 | | | as calculated by the Court; |
| 23 | | viii. | The United States may make any sentencing arguments |
| 24 | | | the United States deems appropriate so long as they are |
| 25 | | | consistent with this Plea Agreement, including arguments |
| 26 | | | arising from Defendant's uncharged conduct, conduct set |
| 27 | | | forth in charges that will be dismissed pursuant to this |
| 28 | | | Plea Agreement, and Defendant's relevant conduct; and |

1            ix.      Defendant may make any sentencing arguments

2                       consistent with this Plea Agreement Defendant deems

3                       appropriate.

4        e.     No Other Agreements

5       The United States and Defendant have no other agreements regarding the

6 Guidelines or the application of any Guidelines enhancements, departures, or

7 variances.

8        f.    Criminal History

9       The United States and Defendant have no agreement and make no

10 representations about Defendant's criminal history category, which will be

11 determined by the Court after the United States Probation Office prepares and

12 discloses a Presentence Investigative Report.

13     11.   Incarceration

14       At the time of Defendant's original sentencing in the District Court, the

15 United States agrees to make a sentencing recommendation to the Court that is

16 consistent with this Plea Agreement. The United States' agreement to make such a

17 recommendation is limited exclusively to the time of Defendant's original

18 sentencing in the District Court. The United States' agreement to make such a

19 recommendation does not prohibit or limit in any way the United States' ability to

20 argue for or against any future sentencing modification that takes place after

21 Defendant's original sentencing in the District Court, whether that modification

22 consists of an amendment to the Guidelines, a change to a statutory minimum or

23 maximum sentence, any form of compassionate release, any violation of

24 Supervised Release, or any other modification that is known or unknown to the

25 parties at the time of Defendant's original criminal sentencing. In this Plea

26 Agreement, the United States makes no promises or representations about what

27 positions the United States will take or recommendations the United States will

28

PLEA AGREEMENT - 10

1    make in any proceeding that occurs after Defendant's original sentencing in the
2    District Court.

3         The United States agrees to recommend a sentence of 168 months.

4         Defendant may recommend any legal sentence.

5         12.    Supervised Release

6         The United States and Defendant each agree to recommend 5 years of
7    supervised release. Defendant agrees that the Court's decision regarding the
8    conditions of Defendant's Supervised Release is final and non-appealable; that is,
9    even if Defendant is unhappy with the conditions of Supervised Release ordered by
10   the Court, that will not be a basis for Defendant to withdraw Defendant's guilty
11   plea, withdraw from this Plea Agreement, or appeal Defendant's conviction,
12   sentence, or any term of Supervised Release.

13        The United States and Defendant agree to recommend that in addition to the
14   standard conditions of supervised release imposed in all cases in this District, the
15   Court should also impose the following conditions:

16        a.    The United States Probation Officer may conduct, upon
17              reasonable suspicion, and with or without notice, a search of
18              Defendant's person, residences, offices, vehicles, belongings,
19              and areas under Defendant's exclusive or joint control.

20        b.    Defendant shall complete a substance abuse evaluation and, if
21              indicated by a licensed/certified treatment provider, enter into
22              and successfully complete an approved substance abuse
23              treatment program, which could include inpatient treatment and
24              aftercare upon further order of the Court.

25        c.    Defendant must complete a mental health evaluation and follow
26              any treatment recommendations of the evaluating professional
27              which do not require forced or psychotropic medication and/or
28              inpatient confinement, absent further order of the court.

PLEA AGREEMENT - 11

1             Defendant shall allow reciprocal release of information between

2             the Probation Officer and the treatment provider. Defendant

3             shall contribute to the cost of treatment according to the

4             Defendant's ability.

5        13.    <u>Criminal Fine</u>

6       The United States and Defendant may make any recommendation

7 concerning the imposition of a criminal fine. Defendant acknowledges that the

8 Court's decision regarding a fine is final and non-appealable; that is, even if

9 Defendant is unhappy with a fine ordered by the Court, that will not be a basis for

10 Defendant to withdraw Defendant's guilty plea, withdraw from this Plea

11 Agreement, or appeal Defendant's conviction, sentence, or fine.

12        14.    <u>Property Disposal</u>

13       Defendant does not claim an interest in the below-listed firearm and does not

14 oppose its disposal by destruction or return to a legitimate and lawful owner by the

15 United States Drug Enforcement Administration (DEA) or other law enforcement

16 agency:

17    -    a Glock Model 19, 9mm pistol bearing serial number BEYY793.

18       Defendant agrees to hold all law enforcement and the United States, its

19 agents, and its employees harmless from any claims whatsoever arising in

20 connection with the seizure and disposal of any assets covered by this agreement.

21       Defendant waives any right she might otherwise have had to receive notice

22 or a hearing with respect to any other action that DEA or other law enforcement

23 agency might take in its sole discretion to carry out the disposal of assets.

24 Defendant's waiver includes, without limitation, all common law, statutory, and

25 constitutional claims or challenges, on any grounds, arising at any time from, or

26 relating to, the seizure and disposition of assets, including any such claim for

27 attorney fees and litigation costs.

28

PLEA AGREEMENT - 12

1      15.    Mandatory Special Penalty Assessment

2          Defendant agrees to pay the $100 mandatory special penalty assessment to

3   the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C.

4   § 3013.

5

6      16.    Payments While Incarcerated

7          If Defendant lacks the financial resources to pay the monetary obligations

8   imposed by the Court, Defendant agrees to earn money toward these obligations by

9   participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

10     17.    Additional Violations of Law Can Void Plea Agreement

11         The United States and Defendant agree that the United States may, at its

12  option and upon written notice to the Defendant, withdraw from this Plea

13  Agreement or modify its sentencing recommendation if, prior to the imposition of

14  sentence, Defendant is charged with or convicted of any criminal offense or tests

15  positive for any controlled substance.

16     18.    Waiver of Appeal Rights

17         Defendant understands that Defendant has a limited right to appeal or

18  challenge Defendant's conviction and the sentence imposed by the Court.

19         In return for the concessions that the United States has made in this Plea

20  Agreement, Defendant expressly waives all of Defendant's rights to appeal any

21  aspect of Defendant's conviction and/or the sentence the Court imposes, on any

22  grounds.

23         Defendant expressly waives Defendant's right to appeal any fine, term of

24  supervised release, or restitution order imposed by the Court.

25         Defendant expressly waives the right to file any post-conviction motion

26  attacking Defendant's conviction and sentence, including a motion pursuant to 28

27  U.S.C. § 2255, except one based on ineffective assistance of counsel arising from

28

PLEA AGREEMENT - 13

information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

19.    Withdrawal or Vacatur of Defendant's Plea

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

a.    Any obligations, commitments, or representations made by the United States in this Plea Agreement shall become null and void;

b.    The United States may prosecute Defendant on all available charges;

c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d.    The United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim alleging a violation of Double Jeopardy.

PLEA AGREEMENT - 14

1  Defendant agrees not to raise any objections based on the passage of time,

2  including but not limited to alleged violations of any statutes of limitation or any

3  objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth

4  Amendment.

5  20.  Integration Clause

6  The United States and Defendant acknowledge that this document

7  constitutes the entire Plea Agreement between the United States and Defendant,

8  and no other promises, agreements, or conditions exist between the United States

9  and Defendant concerning the resolution of the case.

10  This Plea Agreement is binding only on the United States Attorney's Office

11  for the Eastern District of Washington, and cannot bind other federal, state, or local

12  authorities.

13  The United States and Defendant agree that this Agreement cannot be

14  modified except in a writing that is signed by the United States and Defendant.

15  Approvals and Signatures

16  Agreed and submitted on behalf of the United States Attorney's Office for

17  the Eastern District of Washington.

18  Stephanie Van Marter

19  Acting United States Attorney

20  _____        7-10-25

21  Benjamin D. Seal                                Date
   Assistant United States Attorney

22

23

24

25

26

27

28

PLEA AGREEMENT - 15

1  I have read this Plea Agreement and I have carefully reviewed and discussed

2  every part of this Plea Agreement with my attorney.  I understand the terms of this

3  Plea Agreement.  I enter into this Plea Agreement knowingly, intelligently, and

4  voluntarily.  I have consulted with my attorney about my rights, I understand those

5  rights, and I am satisfied with the representation of my attorney in this case.  No

6  other promises or inducements have been made to me, other than those contained

7  in this Plea Agreement.  No one has threatened or forced me in any way to enter

8  into this Plea Agreement.  I agree to plead guilty because I am guilty.

_____          7/10/25
ALLICIANNA LYNNZIE CLARK                  Date
Defendant

12  I have read the Plea Agreement and have discussed the contents of the

13  agreement with my client. The Plea Agreement accurately and completely sets

14  forth the entirety of the agreement between the parties.  I concur in my client's

15  decision to plead guilty as set forth in the Plea Agreement.  There is no legal

16  reason why the Court should not accept Defendant's guilty plea.

_____          7/10/25
Nick Mirr                                 Date
Attorney for Defendant

Interpreter Certification

I hereby certify that I have read and translated the entire foregoing document
to Defendant in a language with which Defendant is conversant.  If questions have
arisen, I have notified Defendant's counsel of the questions and have not offered
nor given legal advice nor personal opinions.

_____          _____
Written Name:                             Date
Interpreter

PLEA AGREEMENT - 16